# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3412

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Arkansas. |
| | * | |
| James Dale Barnes, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2000

Filed: March 23, 2000

_____

Before MORRIS SHEPPARD ARNOLD and FAGG, Circuit Judges, and BENNETT,[*] District Judge.

_____

PER CURIAM.

Through his operation of a home health agency, James Dale Barnes filed fraudulent Medicare claims and attempted to conceal the substantial proceeds. After authorities uncovered Barnes's scheme, a jury convicted Barnes of three counts of money laundering and two counts of structuring transactions to evade reporting requirements. The district court denied Barnes's motion for judgment of acquittal and

_____

[*]The Honorable Mark W. Bennett, Chief Judge, United States District Judge for the Northern District of Iowa, sitting by designation.

sentenced Barnes to imprisonment for 105 months. Barnes appeals both his convictions and sentence.

In challenging his convictions, Barnes mainly attacks the sufficiency of the evidence. Viewing the evidence in the light most favorable to the verdict and drawing all permissible inferences in the verdict's favor, however, we conclude there is substantial evidence to support the jury's verdict. Contrary to Barnes's assertions, the Government proved all the elements of money laundering and structuring beyond a reasonable doubt, and thus the district court properly denied Barnes's motion for judgment of acquittal. On the money laundering counts, the Government proved the predicate offense of mail fraud as charged in the indictment, and the proof at trial did not vary from the indictment's allegations. On the structuring counts, the district court did not abuse its discretion in merging three counts into one before submission to the jury. As for Barnes's sentence, the district court did not commit error in applying U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2S1.1 (money laundering), rather than the financial fraud guidelines, when sentencing Barnes on his money laundering convictions. The district court also properly enhanced Barnes's sentence under U.S.S.G. § 3B1.1 for more than minimal planning. Having carefully reviewed all of Barnes's arguments, we affirm his conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.